

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JULIAN MANUEL MORENO MARTINEZ,**

        **Petitioner,**

v.                                          **CRIMINAL No. 2:13cr122**

**UNITED STATES OF AMERICA,**

        **Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Julian Manuel Moreno Martinez's ("Petitioner") Letter Motion for a Reduction in Sentence, filed *pro se* on June 8, 2021, and Motion for Compassionate Release, filed on August 9, 2021 through counsel. ECF Nos. 291 and 296. Both motions are filed pursuant to 18 U.S.C. § 3582(c), *amended by* the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act of 2018 ("FIRST STEP Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239-40 (2018). On August 10, 2021, the Government filed a response in opposition. This matter is now ripe for judicial determination. For the reasons stated below, Petitioner's motions for Reduction in Sentence and Compassionate Release are **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 23, 2013, Petitioner was named in a three-count Superseding Indictment filed in the Eastern District of Virginia. ECF No. 27. Petitioner ultimately pled guilty to Count One of the Superseding Indictment, charging Petitioner with Conspiracy to Distribute Five or More Kilograms of Cocaine for the Purpose of Unlawful Importation. ECF Nos. 160-61.

According to the presentence report, Petitioner was involved in cocaine trafficking in the Republic of Columbia from at least 2012 until his arrest on November 15, 2013. ECF No. 293 at 5. In this case, Petitioner was involved in overseeing the storage and transportation of more than

450 kilograms of cocaine produced and ultimately imported into the United States during the conspiracy. *Id.* At sentencing, Petitioner had a total offense level of 33, a criminal history category of I, and a recommended guideline provision of 135 to 168 months' custody, followed by five (5) years of supervised release. *Id.* at 12.

This Court, on September 9, 2015, sentenced Petitioner to 144 months of imprisonment followed by five (5) years of supervised release. ECF No. 190. On August 18, 2017, this Court granted the Government's motion to reduce Petitioner's sentence to 122 months of imprisonment. ECF No. 289 at 2. Petitioner is currently incarcerated in FCI Oakdale II in Louisiana with a projected release date of July 15, 2022. ECF No. 303.

On May 14, 2021, Petitioner filed his *pro se* letter motion seeking compassionate release based upon the ongoing COVID-19 pandemic. ECF No. 290. Petitioner alleged susceptibility to severe illness should he contract the disease because he is thirty-seven (37) years old and he has asthma. *Id.* at 5-11. On May 19, 2021, the Court denied Petitioner's motion for Compassionate Release. ECF No. 290 at 3. The Court found that Petitioner failed to establish extraordinary and compelling reasons for release because Petitioner's age made him far less likely to be hospitalized than older adults according to the Center for Disease Control ("CDC"), and because Petitioner failed to establish any medical records concerning his asthma diagnosis. *Id.* at 2.

On June 8, 2021, Petitioner filed another *pro se* letter motion seeking a reduction in sentence due to the severity of his sentence caused by the COVID-19 pandemic based on factors not addressed in his previous motion. ECF No. 291. The Court then appointed a Federal Public Defender to represent Petitioner and ordered appropriate responses. ECF No. 292. However, the Office of the Federal Public Defender subsequently filed a motion to withdraw due to a conflict of interest. ECF No. 294. The Court granted the motion and appointed new counsel on July 2, 2021.

ECF No. 295. Petitioner, through counsel, filed the present Motion for Compassionate Release on August 9, 2021. [1] ECF No. 296. The Government responded in opposition to release on August 10, 2021. ECF No. 297. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A.      Sentence Reduction

Generally, sentences are final and cannot be modified once imposed. *See* 18 U.S.C. § 3582(c). However, there are exceptions to this finality rule. Relevant here, § 3582(c)(1)(A) provides one such exception for a reduction in sentence. The § 3582(c)(1)(A) exception allows a district court to reduce a sentence upon a petitioner's motion with the following findings: (1) the petitioner has achieved compliance with the thirty (30) day exhaustion requirement, absent circumstances justifying its waiver; (2) a reduction is supported by the application of the 18 U.S.C. § 3553(a) factors; (3) the petitioner has made a demonstration satisfying the requirements of either subsection -(c)(1)(A)(i) or -(c)(1)(A)(ii); and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

### B.      Exhaustion Requirement

A petitioner may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.*; *see also Poulios v. United States*,

---

[1] Because of the short time frame between Petitioner's *pro se* Letter Motion and Motion filed through counsel, the Court treats Petitioner's Motion filed through counsel as a supplemental motion.

No. 2:09-cr-109, 2020 WL 1922775, at *2-3 (E.D. Va. Apr. 21, 2020) (detailing the circumstances under which the exhaustion requirement may be waived).

### C.    Compassionate Release Requirements

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13 Application Note 1. U.S. Sentencing Guidelines Manual § 1B1.13 app. 1 (U.S. Sentencing Comm'n 2018). Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. *Id.* § 1B1.13 app. 1(A)-(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13 app. 1(D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). As such, U.S.S.G. § 1B1.13 is "merely advisory and does not bind the Court's application of 18 U.S.C. § 3582(c)(1)(A)." *McCoy v. United States*, No. 2:03-cr-197, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020), *aff'd*, *United States v.*

*McCoy*, 981 F.3d 271 (4th Cir. 2020); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A.    The Exhaustion Requirement

The Court finds that Petitioner has exhausted his administrative remedies prior to bringing his motions with the Court. On March 10, 2020, Petitioner submitted his first Request for Reduction in Sentence and Compassionate Release to the Warden at FCC Oakdale (FCI II). ECF No. 289 at 2; ECF No. 296 at Exhibit 2. On March 19, 2020, the Warden denied Petitioner's request. ECF No. 296 at Exhibit 2. Then, on August 6, 2021, Petitioner again submitted a Request for Reduction in Sentence and Compassionate Release. *Id.* at Exhibit 3. Thus, more than thirty (30) days have passed since Petitioner filed either of his requests with the Warden.

### B.    Extraordinary and Compelling Reason

The Court then considers whether Petitioner has shown an "extraordinary and compelling reason" justifying compassionate release. In evaluating whether an extraordinary and compelling reason for compassionate release has been established, the Court considers the severity of the

5

ongoing COVID-19 outbreak in federal prisons. *See, e.g., Wilson v. Williams*, No. 4:20-cv-00794, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the Bureau of Prisons' ("BOP") ineffective efforts to curtail the spread of the virus within FCI Elkton), *vacated and remanded on other grounds,* No. 20-3547, 2020 WL 9813537. Specific to each petitioner, the Court examines the CDC's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, No. 09-CR-0332 (-2), 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Rather, an inmate must show both a particularized susceptibility to the disease and a particularized risk of contracting the disease at the prison facility. *Feiling*, 453 F. Supp. 3d at 841 (listing cases holding the same).

Specifically, Petitioner asserts that he suffers from asthma, which places him at increased risk of serious illness should he contract COVID-19. ECF No. 296 at 10-11. Petitioner also notes that "Hispanic or Latino persons have a rate of approximately four times that of non-Hispanic white persons." *Id.* at 11. Additionally, Petitioner asserts that his conditions of confinement may exacerbate a potential COVID-19 infection. *Id.* at 13. However, Petitioner's medical condition does not reflect an extraordinary and compelling reason for his release.

First, Petitioner does not show a particularized potential susceptibility to serious health risks from COVID-19. According to the CDC, persons with moderate to severe asthma "are more likely to be hospitalized from COVID-19."[2] However, Petitioner acknowledges that he does not maintain a medical record evidencing his asthmatic condition. ECF No. 296 at 2. The only record

---

[2] *People with Moderate to Severe Asthma*, CTRS. FOR DISEASE CONTROL & PREVENTION (Apr. 7, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html.

before the court indicating Petitioner's asthmatic condition is the fact that Petitioner advised the court of his asthmatic condition at sentencing. ECF No. 289 at 10. After over seven and a half years of incarceration, Petitioner has not accumulated any medical records concerning his asthma diagnosis, indicating to the Court that Petitioner's asthma is either mild or, at the very least, well-controlled.

Furthermore, as of June 4, 2021, Petitioner received both doses of the COVID-19 vaccine. ECF No. 303 at 2. According to the CDC, the COVID-19 vaccine is "effective at preventing COVID-19 as seen in clinical trial settings."[3] Although individuals who are vaccinated may still contract COVID-19, they are significantly less likely to experience severe symptoms or be hospitalized as compared to unvaccinated individuals. *See id.* Therefore, Petitioner has not provided evidence showing that he is at risk for serious illness due to COVID-19 warranting extraordinary circumstances for compassionate release. *See United States v. Sanders*, No. CR SAG-06-087, 2021 WL 1428546, at *3 (D. Md. Apr. 15, 2021) (holding that defendant's "vaccination status remove[d] his other medical conditions from the category of risk constituting an 'extraordinary and compelling reason,'" and collecting cases concluding the same).

Because Petitioner has failed to show a particularized susceptibility to the disease, the Court is unable to find an extraordinary and compelling reason for relief.

## C.     The 18 U.S.C. § 3553(a) Factors

Additionally, even if Petitioner could establish an "extraordinary and compelling reason" justifying compassionate release, consideration of the factors listed in 18 U.S.C. § 3553(a) does not support Petitioner's release. In its consideration of the factors listed in § 3553(a), the Court begins with Petitioner's offense conduct, which remains very serious and inexcusable. Petitioner

---

[3] *Effectiveness*, CTRS. FOR DISEASE CONTROL & PREVENTION (May 10, 2021),
https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness.html.

was employed by the *Bacrim Los Urabeños*—an international organized criminal organization—to oversee the storage, transportation, and security of more than 450 kilograms of cocaine produced and ultimately imported into the United States. ECF No. 162 at ¶¶ 3, 6. Moreover, according to co-conspirators, Petitioner oversaw the storage and transportation of 1,800 to 2,000 kilograms of cocaine from April or May 2012 until Petitioner's arrest. *Id.* at ¶ 9. Petitioner also occasionally delivered and sold cocaine to intermediaries. *Id.* at ¶ 10. Petitioner admitted to the underlying offense, stating that he "wanted to make a little money." ECF No. 303 at 2. Based on the foregoing, Petitioner's conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense … and to provide just punishment" as well as the need to protect the public from further crimes by Petitioner. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

On the other hand, Petitioner has demonstrated some evidence of rehabilitation. To his credit, Petitioner has not received any disciplinary infractions. ECF No. 296 at Exhibit D. The Court notes further that Petitioner obtained his General Educational Diploma (GED) on February 20, 2019. ECF No. 303 at 2. The Court recognizes that Petitioner has no criminal history. *Id.* Additionally, Petitioner has served most of his 122-month sentence with a projected release date of July 15, 2022. ECF No. 303 at 1. *See United States v. Hill*, No. 3:14cr114, 2020 WL 6049912, at *5 (E.D. Va. Oct. 13, 2020) (denying compassionate release where the defendant had "served only 40% of his 188-month sentence, which may not afford adequate deterrence to his criminal conduct").

However, Petitioner's release plan does not adequately protect the public from the potential of a subsequent offense involving drug trafficking. *See* 18 U.S.C. § 3553(a)(2)(C); U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018). Petitioner committed the initial offense to make money. ECF No. 303 at 1. Petitioner's release plan would have him return to the

same location under the same conditions in which the initial offense occurred. ECF No. 296 at 18-19; *see United States v. Rader*, No. SAG-17-0089, 2020 WL 4207577, at *5 (D. Md. July 22, 2020) (finding that the defendant's release to the same conditions in which he committed the initial crime did not afford adequate protection to the public). Therefore, while Petitioner has demonstrated some evidence of rehabilitation, these efforts do not outweigh the seriousness of his offense, the need for a just punishment, nor promote respect for the law.

Petitioner argues that his status as a "deportable alien" causes a fortuitous increase in the severity of his sentence weighing in favor of a reduced sentence. ECF Nos. 291 at 3; 296 at 18. While the Court may consider immigration status and any "substantial" increases in sentencing severity resulting therefrom, *see United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994), the Court does not find that Petitioner's immigration status weighs in favor of a reduced sentence. Petitioner specifically argues that he cannot have consistent educational and vocational training due to his immigration detainer. ECF Nos. 296 at 18. However, Petitioner has been provided with educational opportunities, such as the opportunity to receive his GED. ECF No. 303 at 2. While Petitioner states that he has not been given opportunities that are available "udner [sic] normal circumstances," Petitioner fails to raise any particular opportunities that he has been excluded from as a result of his immigration status that other prisoners with detainers are not also excluded from.[4] Further, Petitioner acknowledges that many opportunities are not available as a result of the prisons being on "lockdown status" because of the ongoing COVID-19 pandemic. ECF No. 291 at 3.

---

[4] To the extent that Petitioner suggests that ineligibility to pre-release programs implicates the Equal Protection Clause, the Court notes that no court has held that the Equal Protection Clause is violated by the Bureau of Prisons treating those with detainers—due to their status as illegal aliens or otherwise—differently for purposes of programming eligibility. *See, e.g., Gallegos-Hernandez v. United States*, 688 F.3d 190, 195-96 (5th Cir. 2012); *Mclean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999); *Donaldson v. Tripp*, No. 5:16-HC-2275-D, 2018 WL 3946560, at *3 (E.D.N.C. July 3, 2018); *Galvez v. United States*, No. DKC 10-0128, 2013 WL 823150, at *3 (D. Md. Mar. 5, 2013).

Therefore, all prisoners, not simply those with a detainer status, cannot have consistent vocational or educational opportunities at the present time. Under these circumstances, the Court is not persuaded that Petitioner's status as a deportable alien increases the severity of his sentence at all, much less that his status "substantially" increased the sentence severity.

Accordingly, the Court finds that consideration of the § 3553(a) factors warrants neither compassionate release nor a sentence reduction for Petitioner.

### D. Reduction of Sentence Under 18 U.S.C. § 3553(f)

Finally, Petitioner asserts that he is entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3553(f). ECF No. 291 at 4-5. The Court finds this claim meritless.

U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), commonly referred to as the "safety valve" provisions, allow a court to disregard statutory minimums when sentencing certain first-time, non-violent drug offenders who have played a minimal or minor role in an offense and have "made a good-faith effort to cooperate with the government." *See United States v. Arrington*, 73 F.3d 144, 147 (7th Cir. 1996). U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) provide for a two-level reduction from a base offense level for a defendant meeting five specific criteria. U.S. Sentencing Guidelines Manual § 5C1.2 (U.S. Sentencing Comm'n 2018).

Petitioner met the five specific criteria and was provided a two-level reduction from his base offense level during his initial sentencing. ECF No. 293 at 8 ("The defendant meets the criteria set forth in subdivisions (1)-(5)of subsection (a) of § 5C1.2."). Accordingly, Petitioner is not entitled to any additional relief under 18 U.S.C. 3553(f).

### IV. CONCLUSION

For the foregoing reasons, Petitioner's motions for Compassionate Release and Reduction in Sentence are **DENIED**.

10

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States

Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States

Marshals Service.

IT IS SO ORDERED.

Norfolk, Virginia
November 2 , 2021

Raymond A. Jackson
United States District Judge

11